## BOSTOCK v. GOODRICH.[1]

*(Circuit Court, E. D. Pennsylvania. June 2, 1884.)*

1. **PATENTS—ADDITIONAL FEATURES—IMPROVEMENT UPON FORMER INVENTION—INFRINGEMENTS.**

    Letters patent for an improvement made to a patented invention, by additional features having no material effect upon the character, operation, or result produced, do not confer upon the subsequent patentee a right to use the original device.

2. **SAME—SPLITTING UP AND MULTIPLYING CLAIMS.**

    The practice of unnecessarily splitting up and multiplying claims disapproved.

3. **SAME—EVIDENCE—INCONSISTENT CONDUCT OF RESPONDENT.**

    That the respondent offered a large sum of money for a patent, and subsequently took out patents for similar devices, are facts to be considered as being inconsistent with his subsequent contention of want of novelty in the patent.

4. **SAME—SEWING-MACHINE TUCK-CREASERS—LETTERS PATENT NOS. 64,404, 80,-269, 81,160, 117,501.**

    Letters patent No. 64,404, issued May 7, 1867, and No. 80,269, issued July 28, 1868, to Edward Bostock, for improvements in sewing-machine tuck-creaser, are not shown to want patentable novelty, and are infringed by the devices constructed under letters patent No. 81,160, issued August 18, 1868, and No. 117,501, issued May 16, 1876, to Henry C. Goodrich.

In Equity. Hearing on bill, answer, and proofs.

Bill to restrain an alleged infringement of claims Nos. 2, 3, 5, and 6, of patent (No. 64,404) issued May 7, 1867, to Edward Bostock, and claim No. 1 of patent (No. 80,269) issued July 28, 1868, to said Bostock for improvements in sewing-machine tuck-creasers assigned by mesne assignments to Sarah L. Bostock. Respondent contended that there was no patentable novelty over 21 prior patents, and alleged that the devices made and sold by the respondent under letters patent (No. 81,160) issued August 18, 1868, to Henry C. Goodrich, and (No. 117,501) issued May 16, 1876, to said Goodrich, for improvements in tuck-creasers for sewing-machines, were distinguishable from the Bostock invention in the construction and mode of operation.

*H. T. Fenton* and *W. W. Ledyard,* for complainant.

*West & Bond,* (of Chicago,) for respondent.

BUTLER, J. The patent No. 80,270, of July 28, 1868, having been withdrawn from the case, we have for consideration only those of No. 64,404, of May 7, 1867, and No. 80,269, of July 28, 1868. Of No. 64,404 the defendant is charged with infringing claims 2, 3, 5, and 6, and of No. 80,269, claim 1. The defense set up is want of novelty, and non-infringement. The patentee has pursued the usual and reprehensible practice of unnecessarily, if not improperly, splitting up and multiplying claims. Its effect here (which may be unimportant) we are not called upon to consider. The patent No. 64,404 covers a

---

[1] Reported by Albert B. Guilbert and H. W. Watson, of the Philadelphia bar.

right-angled base-plate, a right-angled spring-arm, and a gauge-plate, with downward projection, combined as described in the specifications and stated in the claims. No. 80,269 embraces the same matters, and also an improvement on the original device, which consists in transferring the slot, through which annexation to the sewing-machine is made, from the base-plate to the gauge-plate.

The first branch of the defense is not, we think, sustained by the proofs. No one of the several prior inventions exhibited, seems to cover the combination embraced in the plaintiff's claims. Considerable embarrassment was encountered in passing upon this question, from the absence of proper models, and from the conflict of expert testimony. The burden of proof being on the defendant, any disadvantage resulting from this cause falls upon him. It was his duty to show the alleged anticipation distinctly and clearly. He has not done so, and the original presumption in favor of the patent must, therefore, be allowed to stand. This presumption is greatly strengthened here by his offer of a large sum of money for the patents. in 1870. This offer to purchase is irreconcilable with his present attitude, as are, also, his acts in taking out several patents for similar devices,—which, according to the defense set up, are anticipated and old.

Nor do we think the second branch of defense has been more successful. Here, again, the expert testimony is in direct conflict. A comparison of the device manufactured by the defendant, however, with the plaintiff's, shows them to be essentially the same,—in design or purpose, in construction, method of operation, and effect produced. Exhibit E seems to possess every feature of the plaintiff's invention. The slight structural differences are unimportant. They have no material effect upon the character or operation of the machine, or the result produced. While the grooved wheel does not revolve, its pressure upon the knife below forms a crease, precisely as would be done if it turned. Whether the plaintiff's revolves, depends upon the extent of pressure applied and friction produced. If the defendant's device may be regarded as an improvement on the plaintiff's because of additional features, this will not justify his use of the plaintiff's invention.

A decree must be entered accordingly.